UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

MARGUERITE KISNER,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.

    Defendant.

                                          /

## COMPLAINT AND REQUEST FOR ADVISORY JURY

Plaintiff sues CELEBRITY CRUISES, INC. and alleges:

## PRELIMINARY ALLEGATIONS

1. The Plaintiff, MARGUERITE KISNER, is a citizen of Florida.

2. Defendant, CELEBRITY CRUISES, INC. is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f.  Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Celebrity Equinox*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Celebrity Equinox.*

8. At all times material hereto, Defendant had exclusive custody and control of the *Celebrity Equinox*.

9. On or about November 7, 2021, the Plaintiff was a paying passenger aboard the *Celebrity Equinox*, which at all times material was in navigable waters.

10. On or about November 7, 2021, while aboard the *Celebrity Equinox*, Plaintiff was seriously injured when she tripped and fell over an unmarked change in level in her stateroom, from the main cabin to the bathroom.

11. The change in level is an unmarked and concealed raised threshold and, therefore, difficult to distinguish within the cabin, thereby creating an unreasonably dangerous and hazardous condition that was not open or obvious to the Plaintiff.  There was nothing the Plaintiff could have done to have prevented her incident.

- 3 -

12. The Defendant knew of the dangerous conditions aboard the *Celebrity Equinox* which caused Plaintiff's incident. Among other prior incidents involving same or substantially similar circumstances, on or about October 30, 2018, a passenger tripped and fell over an unmarked raised threshold in her stateroom's bathroom aboard the *Serenade of the Seas*.[1] See *Falvo v. Royal Caribbean Cruise Lines, Ltd.*, Case No. 19-22478-CIV-ALTONAGA/Goodman.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

15. On or about November 7, 2021, Plaintiff was in her stateroom on the *Celebrity Equinox*, which is a place Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about November 7, 2021, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a.  Failure to warn that the subject threshold is unreasonably high and/or dangerous;

   b.  Failure to mark the subject threshold so as to warn passengers like Plaintiff of the change in elevation given the dangerous and/or hazardous flooring condition in the subject area;

   c.  Failure to verbally warn and/or place warning signs on or around the unreasonably dangerous and/or hazardous flooring condition in the subject area;

   d.  Failure to warn of the risks and/or dangers associated with the unreasonably

---

[1] Celebrity Cruises, Inc. is a wholly owned subsidiary of Royal Caribbean Group formerly known as Royal Caribbean Cruise Lines, Ltd.

    dangerous and/or hazardous flooring condition in the subject area;

 e. Failure to provide proper and/or sufficient handrails or other assistance so as to warn passengers, including Plaintiff, there's a change in elevation in the subject area;

 f. Failure to warn of the hazard(s) posed to passengers, including the Plaintiff, due to improper and/or inadequate maintenance and/or inspection of the subject cabin area aboard the vessel;

 g. Failure to warn of other accidents previously occurring on same area and/or type of flooring condition under substantially similar circumstances; and/or

 h. Failure to warn passengers, including the Plaintiff, of the dangerous condition.

17. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

18. At all times material hereto, the subject area was not properly or adequately maintained so as to warn passengers, including the Plaintiff, of the unmarked thresholds and/or unreasonably high thresholds, thereby creating a dangerous and/or hazardous condition.

19. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to unmarked changes in elevation including, but not limited to, unmarked thresholds and/or unreasonably high thresholds and/or hazardous flooring surface areas, while aboard Defendant's vessels and/or other vessels reported within the cruise industry.  See *Falvo v. Royal Caribbean Cruise Lines, Ltd.*, Case No. 19-22478-CIV-ALTONAGA/Goodman.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

## COUNT II – NEGLIGENT MAINTENANCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

21. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the non-delegable duty of Defendant to maintain its cabins in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe means of walking aboard the vessel.

23. On or about November 7, 2021, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to maintain the subject area where Plaintiff suffered her accident in a reasonably safe condition;

b. Failure to adequately and regularly inspect the subject area for unsafe flooring conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

c. Failure to adequately and regularly monitor the subject area to maintain it free of tripping hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel; and/or

d. Failure to adequately modify and/or maintain the raised, unmarked threshold in the subject area to maintain it free of tripping hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

e. Failure to regularly maintain the threshold with materials and/or strips in the subject area to maintain it free of tripping hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

f. Failure to close off access to the area where plaintiff suffered her accident until such times as the condition, causing Plaintiff's accident was corrected; and/or

g. Failure to incorporate applicable standards, including the ASTM F 1166 and/or Americans with Disabilities Act (ADA), to changes in level open to passengers like the Plaintiff.

24. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

25. At all times material hereto, the subject area was not properly or adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner, thereby creating a dangerous and/or hazardous condition.

26. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject area, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or

through prior incidents involving passengers injured due to unmarked changes in elevation including, but not limited to, unmarked thresholds and/or unreasonably high thresholds without proper or sufficient handrails or other assistance, while walking on Defendant's vessels or other vessels reported within the cruise industry. See *Falvo v. Royal Caribbean Cruise Lines, Ltd.*, Case No. 19-22478-CIV-ALTONAGA/Goodman.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

### **COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

28. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. At all times material, Defendant through its crew, agents, employees, staff and/or

representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failure to provide passengers, including Plaintiff, with a reasonably safe area aboard the vessel;

   b. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe stateroom aboard the vessel given the change in elevation in the subject area;

   c. Failure to provide proper and/or sufficient handrails or other assistance so that passengers, including Plaintiff, had a reasonably safe stateroom aboard the vessel given the change in elevation in the subject area;

   d. Failure to provide reasonably safe thresholds to reflect the change in elevation according to industry standards so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

   e. Failure to select and/or utilize reasonably safe safety mechanism to avoid surface inconsistencies and/or tripping hazards in the subject area in light of the anticipated foot traffic given the purpose of the subject area;

   f. Failure to adopt policies and procedures so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

   g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of tripping hazards where passengers like Plaintiff aboard the vessel;

   h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that verbal warnings or warnings signs are placed on or around the subject area;

   i. Failure to test and/or adequately evaluate flooring conditions in light of the anticipated weather conditions and traffic given the anticipated purpose of the subject area;

   j. Failure to properly train, supervise and/or monitor crewmembers so that subject area aboard the vessel was reasonably safe;

   k. Failure to have adequate lighting in the subject area where the change in level and/or threshold and/or step(s) are; and/or

   l. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their

- 9 -

reoccurrence, and more particularly Plaintiff's accident.

30. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to unmarked changes in elevation including, but not limited to, unmarked thresholds and/or unreasonably high thresholds, thereby creating a dangerous and/or hazardous condition, while on Defendant's vessels and/or other vessels reported within the cruise industry. See *Falvo v. Royal Caribbean Cruise Lines, Ltd.*, Case No. 19-22478-CIV-ALTONAGA/Goodman.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

Dated: October 28, 2022.

                Respectfully submitted,

                LIPCON, MARGULIES
                & WINKLEMAN, P.A.
                *Attorneys for Plaintiff*
                One Biscayne Tower, Suite 1776
                2 S. Biscayne Boulevard
                Miami, Florida 33131
                Telephone No.: (305) 373-3016
                Facsimile No.: (305) 373-6204

By: */s/ Stefanie A. Black*
      **JASON R. MARGULIES**
      Florida Bar No. 57916
      jmargulies@lipcon.com
      **STEFANIE A. BLACK**
      Florida Bar No. 111903
      sblack@lipcon.com

- 10 -
Lipcon, Margulies & Winkleman, P.A.